#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF ALABAMA
#### NORTHERN DIVISION

| | |
|---|---|
| **DERRICK JORDAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | Civil Action No. __2:23-cv-97__ |
| ) | |
| **G.A. FOOD SERVICES OF** ) | |
| **PINELLAS COUNTY, LLC,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |

### COMPLAINT

Comes Now Plaintiff Derrick Jordan ("Plaintiff" or "Jordan"), by and through his counsel of record, Algert S. Agricola, Jr. and Barbara H. Agricola of Agricola Law, LLC, and files his Complaint against Defendant G.A. Food Services of Pinellas County, LLC ("GA Food"), a Delaware limited liability company, as follows:

### PARTIES

1. Plaintiff Derrick Jordan is an adult resident of the State of Alabama. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

2. Defendant GA Food is a limited liability company organized and existing under the laws of the State of Delaware which does business within the State of Alabama. As such, Defendant is a "person" as defined by 42 U.S.C. § 2000e(a). Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this claim and the litigation thereof pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 42 U.S.C. § 2000e-5(f)(3).

4. Defendant GA Food has its office in the Middle District of Alabama. The unlawful employment practices complained of herein occurred within the Northern Division of the Middle District of Alabama, making venue proper in this division and this district under 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391.

## STATEMENT OF FACTS

5. Plaintiff was hired by Defendant GA Food on September 9, 2018, as a Food Service Representative and promoted to Lead Food Service Representative in November 2018, with responsibilities to train all drivers on their routes, their hot and cold stops, the proper way to loand and unload their trucks, the proper way to handle food preparation and delivery, how to conduct inventory, how to perform and schedule vehicle maintenance, distribute supplies to facilities, input work orders and invoices into NAV, put routes in order for drivers, resolve customer complaints, and monitor GPS tracking and fuel reports. At the time of Plaintiff's employment, the Montgomery Unit was supervised by Gregory D. Fuller. The Montgomery Unit is located at 7798 Atlanta Highway in Montgomery, Alabama. This unit delivered daily 2600 hot meals to 50 Senior Centers within a 120-mile radius of Montgomery and 250 frozen meals to home-bound senior citizens using 12 delivery trucks.

6. In early 2020, Defendant GA Food hired Machuma Martin to serve as Human Resources Director for all of its seven Alabama production units. Later, Defendant GA Food promoted Machuma Martin to Southeast Regional Human Resources Director.

7. Vanessa Boyd became the manager of the Montgomery Unit following the termination of Gregory Fuller in July 2021.

8. Plaintiff's periodic employee evaluations were excellent. In March 2022, Plaintiff was named Employee of the Month for the Montgomery Unit. Plaintiff was given a $500 bonus as a result of being named Employee of the Month.

9. As part of his employment, Plaintiff was frequently required to use his personal vehicle to make unscheduled, out-of-town food deliveries or to deliver supplies to other distribution points serviced by the Montgomery Unit. The use of Plaintiff's personal vehicle was necessary because company vehicles were frequently unavailable to use when it was necessary to make unscheduled deliveries. When Plaintiff used his personal vehicle for GA Food's business, he used his company-issued, gas credit card to replace the fuel he used in his personal vehicle. Plaintiff informed both Gregory Fuller and Vanessa Boyd, as managers of the Montgomery Unit, of this practice by turning in mileage reports whenever he used his personal vehicle for company business.

10. On June 22, 2022, Plaintiff was suspended without pay by Vanessa Boyd, Machuma Martin, and J.J. Noel pending an investigation into the criminal complaint filed with the Prattville Police Department by Machuma Martin on behalf of GA Food against

him. Arrest warrants were issued charging that Plaintiff had unlawfully used the company credit card for fuel.

11. On June 28, 2022, Plaintiff complained by email to GA Food management personnel, including Mr. John Gyza, Vice President of Regional Operations, Mr. Davenport, Mr. Moye, Mr. Haugen, and Ms. Carollyn Sorto, Senior Vice President of Human Resources, that his recent suspension was wrongful and the product of discrimination against him by Machuma Martin, Vanessa Boyd, and J.J. Noel.

12. Plaintiff's complaint outlined the harassment that he and other employees suffered. Plaintiff also complained that his suspension was unfair because he had been instructed in the past to use the company gas credit card to replace fuel in his personal vehicle he used it on company business.

13. Plaintiff also complained about the sexually hostile work environment resulting from the affair Vanessa Boyd, Plaintiff's supervisor, was having with David Wilkins, Plaintiff's co-worker. On one occasion, Wilkins's wife came to the Montgomery Unit with a firearm to confront Vanessa Boyd about her affair with David Wilkins, her husband. Vanessa Boyd refused to come to the unit while Mrs. Wilkins was present but Mrs. Wilkins told all of the employees there about how Vanessa Boyd took the examination for David Wilkins to be placed in his current position, and about how she had been using the company credit card and gas credit card for non-company purposes.

14. Plaintiff also complained that he had applied for assistant manager at least four times but was never even interviewed. Plaintiff complained that Vanessa Boyd pulled all

other applications for interviews, except his application for assistant manager, for the position because he knew too much about what was going on with Vanessa Boyd's affair with David Wilkins.  J.J. Noel instructed Vanessa Boyd not to interview Plaintiff for the assistant manager position.

15. On July 12, 2022, Carollyn Sorto told Plaintiff that she had corrected his status by taking him off of Leave Without Pay ("LWOP"), corrected his Paid Time Off totals ("PTO"), and corrected his discontinued Child Support payments.

16. On July 12, 2022, Machuma Martin and J.J. Noel called the Autauga County District Attorney's office and requested that criminal charges against Plaintiff for misuse of the GA Food gas credit card be dropped.

17. On July 14, 2022, Carollyn Sorto told Plaintiff that he could be re-instated in his job.  Plaintiff responded that he could not return to his position because of the hostile work environment that existed.

18. On July 15, 2022, Carollyn Sorto informed Plaintiff, with David Haugen on the telephone with her, that his employment with GA Food was terminated.  Sorto sent Plaintiff a severance package that would include salary payment for two pay periods at his usual rate of pay in exchange for a full and complete release of all claims against GA Food.

19. On August 5, 2022, Plaintiff informed Carollyn Sorto that he totally disagreed with the severance package and would not be signing it.

## COUNT I

### Title VII—Retaliation

20. Plaintiff incorporates by reference as though fully set out herein Paragraphs 1-19 of this Complaint.

21. In reporting the alleged sexually hostile work environment, discrimination, unfair treatment, and retaliation he suffered at the hands of Machuma Martin, Vanessa Boyd, and J.J. Noel beginning, when Vanessa Boyd took over as manager of the Montgomery Unit in July 2021, and continuing through June 2022, when Plaintiff complained to the owners of GA Food as described above, Plaintiff was opposing a perceived illegal work practice. Those actions are statutorily-protected activities under Title VII.  As a direct result of his opposition to GA Food's continuing illegal work practices, Plaintiff suffered adverse employment action when he was terminated on July 15, 2022.  This adverse employment action was causally related to Plaintiff's protected activity; the same occurred within a brief period of time from Plaintiff's protected activity.  This adverse employment action was motivated by the retaliatory animus of Machuma Martin, Vanessa Boyd and J.J. Noel against Plaintiff.

## COUNT II

### Title VII—Disparate Treatment Based on Race

22. Plaintiff incorporates by reference as though fully set out herein Paragraphs 1-19 of this Complaint.

23. Plaintiff is a member of a class; he is a black male.

24. Plaintiff suffered an adverse employment action in that he was terminated by Defendant on or about July 15, 2022.

25. Plaintiff was terminated because of racial prejudice against him on the part of Machuma Martin, who is black, and Vanessa Boyd, who is black, J.J. Noel, who is black, and other members of upper management at Defendant GA Food.

26. Plaintiff was replaced by Javon Rice, who is black.

27. The reasons given by Defendant GA Food for terminating Plaintiff are untrue and are a pretext for discrimination, which was the real reason Plaintiff was terminated.

## COUNT III

### Title VII—Disparate Treatment Based on Gender

28. Plaintiff incorporates by reference as though fully set out herein Paragraphs 1-19 of this Complaint.

29. Plaintiff is a member of a class; he is a black male.

30. Plaintiff suffered an adverse employment action in that he was terminated by Defendant on or about July 15, 2022.

31. Plaintiff's was terminated because of discrimination against him based on his gender, male, on the part of Machuma Martin, who is female, Vanessa Boyd, who is female, and other members of upper management at Defendant GA Food.

32. Plaintiff was replaced by Javon Rice, who is male.

33. The reasons given by Defendant GA Food for terminating Plaintiff are untrue and are a pretext for discrimination, which was the real reason Plaintiff was terminated.

**PRAYER FOR RELIEF**

WHEREFORE, the above premises considered, Plaintiff prays that this Court will assume jurisdiction over this action and enter a judgment against Defendant granting the following relief:

(a) Finding that Defendant engaged in unlawful retaliation and discrimination based on race and gender against Plaintiff in violation of 42 U.S.C. § 2000e *et seq.*;

(b) Awarding back-pay during all periods of employment from July 15, 2022, to the date of judgment in this case, including the value of all fringe benefits, as awardable by virtue of 42 U.S.C. § 2000e-5;

(c) Front-pay beginning at the date of judgment and continuing until such time as Plaintiff can be expected to attain comparable or equivalent remunerative employment;

(d) Compensatory damages for the loss of pension benefits, retirement benefits, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, and/or loss of enjoyment of life;

(e) Pre-judgment interest;

(f) Punitive or exemplary damages;

(g) Any other awardable damages which the Court deems appropriate;

(h) Reasonable attorneys' fees and costs awardable under 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues so triable.

Respectfully submitted this  16  th day of February, 2023.

/s/ Barbara H. Agricola
Barbara H. Agricola

/s/ Algert S. Agricola, Jr.
Algert S. Agricola, Jr.

Counsel for Plaintiff

**OF COUNSEL:**

**AGRICOLA LAW, LLC**
127 South 8th Street
Opelika, Alabama 36804
Telephone: 334.759.7557
Facsimile: 334.759.7558
barbara@agricolalaw.com
al@agricolalaw.com
www.agricolalaw.com